## NATIONAL LABOR RELATIONS BOARD v. KAPLAN et al.

### No. 19.

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1943.

Jacob I. Karro, of Washington, D.C., and Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and Sanford H. Bolz, Attys., National Labor Relations Board, all of Washington, D.C., for the Board.

Herbert L. Wasserman and Wasserman & Erenstoft, all of New York City, for respondents.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This case comes up on the usual motion for an order of this court to enforce the Board's order directing the respondents to desist from discouraging membership in an affiliated union, and from "in any other way interfering with * * * employees in the exercise of the right to self-organization * * * and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection as guaranteed by Section 7 of the Act." The order also reinstated one discharged employee with back pay.

The respondents had resisted an earlier attempt at union organization in their factory, and when the attempt was renewed by another union nearly a year later, there was testimony which, if believed, justified the conclusion that they opposed the second effort as well. As to the discharge, the usual conflict arose whether it was due to the employee's union activities or to her insubordination; it was possible to find either way. The first objection, being to the sufficiency of the evidence to sustain the Board's findings, is without merit; there was "substantial" evidence, which it will serve no purpose to set out in detail.

The discharged employee at the time of the hearing had obtained employment which she preferred to reinstatement with the respondents. However, she had been employed upon a probationary period of two months which had not then quite expired. The order directed the respondents to reinstate her with back pay if she applied within five days after the order issued, and if she did not, to pay her any loss of wages from her discharge until she got the new job. The respondents are not content with this, because her new job was at a higher wage than she had earned with them. As we understand it, they wish to be credited with the excess from the time of her new employment until the date of the order, or at least until she declared for reinstatement. If the employee had demanded reinstatement she would have had

to credit all that she had earned, because the order would then have restored her to the same position she would have been in, had she been continuously employed. But when she was not reinstated, the wrong so far as it can be measured in dollars ceased as soon as she began to earn as much elsewhere. The respondents were no more entitled to any part of her wages during the probationary period than thereafter.

■ The respondents also object to the order because of its breadth, invoking National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930. We have discussed this question in National Labor Relations Board v. Standard Oil Co., 2 Cir., 138 F.2d 885, handed down herewith, to which we refer.

An enforcement order may pass.